

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. D. Looney
County Auditor
Bowie County
Boston, Texas

Dear Sir:

Opinion No. O-5180
Re: Justice of the Peace is not
entitled to commission for
collecting fines and trial
fees and related matters.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I am in receipt of your opinion No. O-5108 in which you hold that a Justice of the Peace does not have the right to retain 5% commission for collecting fine and trial fees.

"It has been the custom in Bowie County for years past for Justices of the Peace to retain this 5% commission, and their right to do so had never been questioned until I received your opinion. Those who are now in office have been retaining this 5% commission, and many former Justices of the Peace who are now in civil life, also retained it while they were in office. All parties concerned have been laboring under the impression that a Justice of the Peace had the legal right to retain this commission inasmuch as the collections are actually made by the Justice of the Peace and he is charged with all the bookkeeping work attendant upon said collecting.

"If Justices of the Peace have had no legal authority to retain these commissions, it follows that, having mistakenly done so, they must owe the amount of the commissions retained to someone. To whom do they owe them?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"In answering this question, please bear in mind that all payments on fine and trial fees have been made directly to the Justices of the Peace, who have issued all receipts and done all the bookkeeping incident to said collections.

"PS. If the J P's were ever allowed a commission, please advise on what date it ceased."

Prior to its amendment in 1929, by the 41st Legislature of Texas, Article 951, Texas Code of Criminal Procedure, 1925, read as follows:

"The sheriff or other officer who collects money for the State or county, under any provision of this Code, except jury fees, shall be entitled to retain five per cent thereof when collected. (Acts 1876, p. 287; Acts 1889, p. 95.)"

The case of McLennan County v. Boggess, Tex. Civ. App., 139 S. W. 1054, discussed Article 1144 of the Texas Code of Criminal Procedure of 1895, which read the same as Article 951, C. C. P., 1925, supra. We quote from the court's opinion as follows:

"Notwithstanding the fact that the Supreme Court held on certified question that appellee Boggess, a justice of the peace, was not entitled to the commission allowed by article 1143 of the Code of Criminal Procedure of 1895, to the clerk of the court in which judgments are rendered, which was the defense interposed and relied on by appellees, it is now contended on motion for rehearing, that Boggess was entitled to retain 5 per cent. of the moneys referred to under article 1144 of the Code of Criminal Procedure, which reads: 'The sheriff or other officer who collects money for the state or county under any of the provisions of this Code, except jury fees, shall be entitled to retain five per. cent. thereof when collected.' By article 1143 the district or county attorney is allowed 10 per cent. of the moneys referred to; and, if Boggess was not allowed to retain 5 per cent. as clerk of his court, then he should have

paid to the county 85 per cent. of the moneys re-
ferred to in the findings of fact. The facts show
that he paid to the county only 80 per cent., and
paid to the county attorney 10 per cent. and to
the constable 5 per cent. and retained another 5
per cent. for himself. It is stated in the motion
for new trial that the Attorney General's depart-
ment has recently held that, when a justice of the
peace collects a fine from the party against whom
it has been adjudged by a judgment of his court,
he is entitled to 5 per cent. thereof under article
1144. That ruling may be entirely correct, but,
if so, it furnishes no reason for setting aside the
judgment rendered by this court against Bogess and
the sureties upon his official bond. If he was en-
titled to 5 per cent. commission under article 1144,
then the constable was not entitled to the 5 per
cent. commission which Boggess paid to him. It was
not lawful to take more than one commission from
the fines for collecting the same, and, adding to
that 10 per cent. for the county attorney, left 85
per cent. thereof due the county, while Boggess has
only paid to the county 80 per cent."

On June 27, 1911, in an opinion written by Honor-
able Walter C. Woodward, Assistant Attorney General of Texas,
this department held that a justice of the peace would be
entitled to retain 5 % of the fine collected by him under
Article 1144 of the then existing Texas Code of Criminal Pro-
cedure and that such holding was not in conflict with the
case of McLennan County v. Boggess, supra. This opinion is
recorded in Vol. 25, pages 40 and 41, Opinion Records of the
Attorney General of Texas. We enclose herewith a copy of
said opinion for your information.

However, Article 951, C. C. P., 1925, supra, was
amended by the 41st Legislature of Texas in 1929.

Article 951, Vernon's Annotated Texas Code of Crim-
inal Procedure, as amended by the 41st Legislature of Texas,
1929, and as it now exists, reads as follows:

"The sheriff or other officer, except a jus-
tice of the peace, or his clerk, who collects
money for the State or county, except jury fees,

under any provision of this Code, shall be entitled
to retain five per cent thereof when collected.
(Acts 1876, p. 287; Acts 1889, p. 95, as amended
Acts 1929, 41st Leg., p. 240, ch. 105, § 1.)"
(Underscoring ours)

Ever since the 1929 amendment to Article 951,
V. A. C. C. P., supra, this department has repeatedly ruled
that a justice of the peace was not entitled to retain 5%
of fines and trial fees collected by him. See Opinion Nos.
O-1162 and O-5108 of this department, copies of which are
enclosed for your information.

Opinion No. O-626 of this department holds that
a sheriff is entitled to 5% commission on fines in such in-
stances only as such fines were collected by the sheriff.

Answering your questions it is our opinion:

1. Prior to the 1929 amendment to Article 951,
V. A. C. C. P., a justice of the peace was entitled to 5%
commission on fines actually collected by him. However, if
the constable or sheriff actually collected the fine instead
of the justice such officer would be entitled to the 5% com-
mission; in no event would the justice and the arresting of-
ficer have been each entitled to a commission. See McLennan
County v. Boggess, supra.

2. Since the 1929 amendment to Article 951, V. A.
C. C. P., a justice of the peace is not entitled to a com-
mission on fines collected by him. Nor is he entitled to
commission on trial fees collected by him.

3. Not being legally entitled to retain commis-
sions on fines collected by him since the 1929 amendment to
Article 951, supra, it would follow that the justice who
thereafter illegally retained such commissions would law-
fully owe same to whom it lawfully belonged, subject, of
course, to the right of the justice to invoke the appro-
priate limitation statute if the claim was barred by limita-
tion. For example, if the justice collected the fine no 5%
commission was due; same should not have been retained but
should have been turned into the county; in such case the
justice would owe the county and the county could recover
from the justice of the peace if the claim was not barred
by the statute of limitations properly pleaded in defense
by the justice.

Trusting that this satisfactorily answers your inquiry, we are.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

(s) Wm. J. Fanning
Assistant

WJF:mp
Encl.
WJF:fc and pw.

APPROVED APR 9, 1943

(s) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED OPINION COMMITTEE

BY (S) BWB, CHAIRMAN